LOUIS C. ROLLO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD N. WILEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. MARSHALL ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT M. MAGILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22477, 22482, 22484, 22485. Promulgated September 12, 1930.

*Mortimer Porges, Esq.*, for the petitioners.
*Byron M. Coon, Esq.*, for the respondent.

OPINION.

STERNHAGEN: These petitioners voluntarily set up for themselves a complex organization for the conduct of their business, and however artificial it may appear to be, since they have adopted it and have thus acquired legal rights, it must be recognized as the situation upon which their tax liability is determined. We must, so far as the evidence permits, consider each petitioner in 1917 in his several

capacities as an individual, as a member of one of two copartnerships, and as a stockholder, director and officer of the corporation; we must recognize each copartnership; we may not ignore the legal existence of the corporation and its later discontinuance; and we must duly regard the contractual relations which all of these established among themselves as the method of carrying on their business and handling its profits. It is of no avail to talk of the "substance" or "equity" of the case, if this means to ignore any of the actual facts or to submerge their legal significance beneath a confusion of organization.

The petitioners were all in the insurance business. Each was at liberty to conduct his own business in his individual capacity, receive his full earnings and have this used as the measure of his tax upon his individual return. Instead, the individuals elected to form partnerships, and thereby the method of taxing their income was modified, additional returns were required from the partnerships (Revenue Act of 1916, sec. 8 (e), Revenue Act of 1917, sec. 1204 (1)) and the partnerships were subjected to excess-profits taxes as if they were legal entities (Revenue Act of 1917, sec. 201 et seq.). Then, for the purpose of reducing costs and promoting efficiency, these individuals, without changing their partnership relations, superimposed upon this structure a new and separate corporation, which in its turn was required by the revenue act to file returns for both income and excess-profits-tax purposes, to pay its separate taxes, and whose stockholders were taxable as well upon the dividends which they received from it. Having set up these organizations, each for its separate purpose and with its separate function, the petitioners recognized them as vital before the law by expressing their interrelations in a contract. Thus we have the individuals, the partnerships, and the corporation all taxable upon their income under the provisions of the statute peculiarly applicable to each in its own legal circumstances, each with its own items of gross income and deductions to arrive at its net; and it does not simplify the determination of the tax of any one of these to treat it as an incidental instrumentality having less than full independent stature.

The petitioners present numerous and various points, some of which defy the logic of the organization which they adopted. To discuss them all in the order presented would not be justified, for we think the correct disposition of the ultimate issue will be clear enough. But some of the underlying assumptions upon which petitioners' varying arguments rest should be disposed of.

Whether the corporation was a personal service corporation is a question of no significance in the present case, which concerns 1917, as it might be in a later year under the acts of 1918 and 1921; for the Act of 1917, which controls the present controversy, contains

no recognition of " personal service corporations " as that term appears in section 200 of the later statutes. The method of taxation which by section 209 of the 1917 Act is applied to corporations of only nominal capital is wholly unlike the exemption applied in later acts to " personal service corporations." In 1917 corporations of nominal capital were not exempt, but were subject to a flat 8 per cent tax; in later years, personal service corporations were themselves exempt from all tax, their earnings being taxed to the stockholders in the manner of partners. Thus one of petitioners' syllogisms falls'entirely with the fall of its major premise. Whatever may be the transferee liability of a stockholder in respect of a distribution received from a personal service corporation upon whose income he has already been taxed because theoretically received, the theory of it is manifestly inapplicable to the transferee liability of a stockholder of a corporation of nominal capital which has been taxed under section 209 and its income then distributed to its stockholders. Irrespective of any other arguments that such a stockholder may have against transferee liability for the corporation's tax, it is clear that he can not say that he has already paid his distributive share of the corporation's tax upon its income because, unlike the personal service stockholder, he has had nothing whatever to do with the tax of his corporation. Even if it be true, therefore, that respondent has at one time treated the corporation under section 209 or that the subordinate revenue agent has suggested that it was a personal service corporation under the later act, petitioners take no advantage thereby in respect of their transferee liability under section 280, Revenue Act of 1926, in accordance with which the respondent is now calling upon them to satisfy the corporation's deficiency.

The question principally presented and argued is the corporation's right to the deduction taken on its 1917 income-tax return for " Salaries of officers, $33,996," which the respondent has disallowed. The evidence is beyond dispute that salaries to officers were neither accrued nor paid and that the amount in question was that provided by the contract to be paid in monthly amounts by the corporation to the two copartnerships. It is vain therefore to discuss the corporation's right to deduct officers' salaries, or whether the amount thereof was reasonable, or whether salaries might be recognized when informally but not formally authorized by the directors. If the amount of $33,996 is deductible by the corporation, it is not because the amount was paid as salaries, as clearly it was not, but because the payment was of a character which brings it within the statutory deduction of section 12(a) first, Revenue Act of 1916, for ordinary

and necessary expenses of the maintenance and operation of the corporation's business.

The question therefore really is whether the evidence is sufficient to prove the payment to have been such an expense as under the statute may be deducted. That the amount was in fact expended by the corporation in discharge of the legal obligation fixed by the contract is clearly shown by the evidence. There is nothing about the measure of the obligation which gives it the semblance of a dividend, for it was fixed not with reference to the amount of stock held by any of the individual stockholders, but entirely at the beginning of the period with reference to the proportionate amount of receipts of the past period for which each copartnership was responsible. Nor did the monthly amount fluctuate with the amount of the earnings; it was a definite condition without which the corporation could have no receipts. Since the gross income of the corporation is to be recognized as that of a separate entity, there must also be recognition of the annual outlay required to be paid as a consideration therefor under the very contract which provides the income. The corporation deducted only the fixed monthly payments thus actually made under the contract, and we need not consider whether any surplus distributed at the end of the year would have been deductible. We are of opinion that the amount of $33,996 mistakenly claimed as officers' salaries is deductible as an ordinary and necessary expense paid in the taxable year 1917 in the maintenance and operation of the corporation's business. Since the deficiency was predicated upon the disallowance of such deduction, it was invalid, and there is no liability of the petitioners as stockholders at the time of dissolution.

*Judgment will be entered for the petitioners.*